IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ORN SAYASENG,

        Petitioner,

  v.

Bruce SCOTT, Warden, Northwest ICE Processing Center; Cammilla WAMSLEY, Enforcement and Removal Operations, Seattle Field Office Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Todd LYONS, Acting Director and Senior Official Performing Duties of Director of ICE; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

        Respondents.

2:26-cv-00476-RAJ

ORDER EXTENDING TEMPORARY RESTRAINING ORDER

ORDER – 1

## I.   INTRODUCTION

THIS MATTER comes before the Court on Petitioner Orn Sayaseng's Motion for Temporary Restraining Order (the "Motion," Dkt. # 7).  The Court issued an initial Temporary Restraining Order on February 13, 2026, ordering Respondents to immediately release Petitioner from custody on his own recognizance (the "Initial TRO," Dkt. #12).  This Order sets forth in more detail the bases for the Initial TRO, and extends the time period covered by the Initial TRO until March 13, 2026, in order to enable the Court to adjudicate Respondents' Response to Petitioner's Petition for Writ of Habeas Corpus, which is currently noted for March 2, 2026.  Dkt. ## 1, 14.

## II.   PROCEDURAL HISTORY

Mr. Sayaseng is a Laotian refugee and resident of Tacoma who was ordered removed by an immigration judge in October 1998.  Dkt. # 1 ¶ 10.  On December 23, 2025, he was re-detained by United States Immigration and Customs Enforcement ("ICE") after coming into the Intensive Supervision Appearance Program ("ISAP")—at ISAP's direction—to correct an apparent issue with his GPS monitoring system.  *Id.* ¶¶ 29–31.  Petitioner represents that he was not given any explanation for the re-detention nor an interview or other opportunity to contest it.  Dkt. # 7 at 5–6.  When Petitioner received his Notice of Revocation or Release days later, it did not include the reason for any changed circumstances.  *Id.*  Petitioner alleges that ICE never informed him about a flight back to Laos.  *Id.*

Citing his daughter's need for continuous medical supervision, Mr. Sayaseng moved the Court for a temporary restraining order directing his immediate release from custody. Dkt. # 7.

## III.   LEGAL STANDARD

A temporary restraining order ("TRO") is "an extraordinary remedy that may only

ORDER – 2

be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A motion for TRO may be granted only if the moving party establishes "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "All four elements must be satisfied." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022). The factors are evaluated on a "sliding scale," however, meaning that "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit has repeatedly held that "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits.'" *hiQ Labs*, 31 F.4th 1180 at 1188 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135 (9th Cir. 2011)).

### IV. DISCUSSION

#### A. Likelihood of Success on the Merits

Petitioner contends that his cumulative detention post-removal order, which exceeded 14 months at the time of the filing of the Motion, had become presumptively unreasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). This Court agrees with and adopts the conclusions of other courts that, where a petitioner has been detained and released by ICE multiple times after the issuance of final order of removal, the six-month *Zadvydas* clock "does not re-start with each successive detention." *Do v. Scott*, No. C25-2187RSL, 2025 WL 3470327, at *2 (W.D. Wash. Dec. 3, 2025), *order dissolved*, No. C25-2187RSL, 2025 WL 3496909 (W.D. Wash. Dec. 5, 2025) (citing *Nguyen v. Scott*, No. 2:25-CV-01398-TMC, 2025 WL 2419288, at *1–4 (W.D. Wash. Aug. 21, 2025); *Abubaka v. Bondi*, No. C25-1889RSL, 2025 WL 3204369, at *3 (W.D. Wash. Nov. 17, 2025)).

ORDER – 3

Petitioner's argument that his removal to Laos is not likely in the reasonably foreseeable future also raises serious questions; while Respondents represent that they have received travel documents from Laos, at the time of the filing of the Motion, they had not provided these documents to counsel for Petitioner, nor a certified English translation thereof. As discussed below, the balance of hardships tips sharply in Petitioner's favor, so the Court need only find that Petitioner raise "serious questions going to the merits.'" *hiQ Labs*, 31 F.4th 1180 at 1188 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135 (9th Cir. 2011)). Since Petitioner has done so here, the first *Winter* favor weighs in his favor.

### B.   Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Indeed, when an "alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting 11A Charles Alan Wright et al., Federal Practice and Procedure § 2948.1 (2d ed. 2004)). Accordingly, Petitioner here satisfies the second *Winter* factor by identifying "immediate and irreparable" sufficient to satisfy Fed. R. Civ. P. 65(B)(1)(A). The "immediate and irreparable injuries" Petitioner may suffer include not only the constitutional due process violations that occur when a non-citizen is detained indefinitely in violation of *Zadvydas*, but also the risk of unnecessary harm to Mr. Sayaseng's daughter, who has a medical condition requiring continuous supervision and support. Dkt. # 7 at 3.

### C.   Balance of Equities and Public Interest

The last two *Winter* factors, the balance of equities and the public interest, merge when the Government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). Though there is a public

ORDER – 4

interest in the government's execution of final removal orders, "our system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Nguyen*, 2025 WL 2419288, at *28 (quoting *Ala. Ass'n of Realtors v. Dep't of Health and Human Servs.*, 594 U.S. 758, 766 (2021)). Accordingly, the final two *Winter* factors favor Petitioner, and the balance of hardships factor tips sharply in his favor.

## V.    CONCLUSION

For the foregoing reasons, the Court's Initial TRO is hereby **EXTENDED** through Friday, March 13, 2026.

Dated this 2nd day of March, 2026.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5